IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ANGELA UMAR, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:21-cv-5857

**JOSEPH P. DIPINO**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Angela Umar ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Joseph P. DiPino ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient overtime wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Cook County.

11. Defendant is a resident of the state of Illinois.

12. Defendant owns and operates Beverly & Pause, a law firm located at 30 North Lasalle, Suite 1530, Chicago, Illinois 60602.

13. Defendant, in the course of running his business, maintains a website at http://www.bplawllc.com.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendant owns and operates a law firm in Chicago.

16. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Ccomplaint.

18. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

19. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

20. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. Plaintiff regularly handled or was involved with the instrumentalities of interstate commerce such as using cell phone and the internet.

22. Defendant employed Plaintiff as a Legal Assistant from December of 2018 until August of 2021.

23. Defendant also employed other salaried Legal Assistants within the three years preceding the filing of this lawsuit.

24. At all times material herein, Plaintiff and other Legal Assistants have been entitled to the rights, protections, and benefits provided under the FLSA.

25. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA and was paid a salary.

26. Defendant also classified other Legal Assistants as exempt from the overtime requirements of the FLSA and paid them a salary.

27. At all relevant times herein, Defendant directly hired Plaintiff and other Legal Assistants to work on his behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. As a Legal Assistant, Plaintiff's primary duties were assisting attorneys with cases, contacting clients, drafting documents, filing documents, entering time for billing and communicating with other lawyers.

29. Other Legal Assistants had the same or similar duties as Plaintiff.

30. Plaintiff did not have the authority to hire or fire any other employee.

31. Other Legal Assistants did not have the authority to hire or fire any other employee.

32. Plaintiff was not asked to provide input as to which employees should be hired or fired.

33. Other Legal Assistants were not asked to provide input as to which employees should be hired or fired.

34. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

35. Other Legal Assistants did not exercise independent judgment as to matters of significance in carrying out their duties.

36. In carrying out their duties, Plaintiff and other Legal Assistants followed the policies and processes set by Defendant or others.

37. The duties of Plaintiff and other Legal Assistants were rote and routine, and they sought input from supervisors when their duties were not rote and routine.

38. Plaintiff regularly worked more than 40 hours per week.

39. Plaintiff worked over 40 hours—and therefore incurred damages—in almost every week that she worked for Defendant.

40. Defendant regularly assigned Plaintiff and other Legal Assistants so much work that they could not complete their work in under 40 hours in a week.

41. Plaintiff worked more than 40 hours in a week because she was assigned so many cases to assist with causing her to work into the evenings often.

42. Upon information and belief, other Legal Assistants also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiff.

43. Defendant did not pay Plaintiff or other Legal Assistants 1.5x their regular

rate for hours worked over 40 each week.

44. Defendant did have a timekeeping system whereby Plaintiff or other Legal Assistants could record and submit their time to Defendant.

45. Most of the work Plaintiff and other Legal Assistants completed was time stamped.

46. Defendant knew or should have known that Plaintiff and other Legal Assistants were working hours over forty each week.

47. From March 3, 2020, until July 3, 2020, Defendant reduced Plaintiff's salary by one-third, paying her approximately $590 per week.

48. Upon information and belief other Legal Assistants also had their salaries reduced by one-third during the same time period.

49. Despite the reduced salary, Plaintiff continued to work her regular hours, i.e., more than 40 hours per week.

50. Upon information and belief, other Legal Assistants also regularly worked over 40 hours per week during the period of time in which their salary was reduced.

51. During this period of time, Plaintiff's job duties, such as assisting attorneys, contacting clients, drafting documents, etc., remained unchanged.

52. Upon information and belief, other Legal Assistants also had unchanging job duties during this period of time.

53. Therefore, between March 3, 2020, and July 3, 2020, Defendant paid Plaintiff and other Legal Assistants a salary of less than the statutory minimum of $684.00 per week.

54. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours

worked over 40 per week.

55. Defendant did not pay other Legal Assistants a rate of 1.5x their regular rate of pay for hours worked over 40 per week.

56. Upon information and belief, Plaintiff was not paid all wages owed, and therefore incurred damages, in most weeks, including, without limitation, each of the following weeks in 2020: March 9, March 16, March 23, March 30, April 6, April 13, April 20, April 27, May 4, May 11, May 18, May 25, June 1, June 8, June 15, June 22 and June 29.

57. In addition to her regular compensation, Plaintiff received annual bonuses at the end of each year based on her work performance.

58. Upon information and belief, other Legal Assistants also received these annual bonuses based on work performance.

59. The bonuses were based on objective, measurable criteria.

60. Plaintiff and other Legal Assistants expected to receive the bonuses and did in fact receive the bonuses.

61. CFR 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

62. The annual bonuses should be included in Plaintiff and other Legal Assistants' regular rate when calculating unpaid overtime premium pay.

63. At all relevant times herein, Defendant has deprived Plaintiff and other Legal Assistants of regular wages and overtime compensation for all hours worked.

64. Defendant knew or showed reckless disregard for whether his actions

violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

65. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

66. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

67. Plaintiff proposes the following collective under the FLSA:

**All salaried Legal Assistants, and those similar, within the past three years.**

68. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

69. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

70. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid a salary;

B. They were classified as exempt from the overtime requirements of the FLSA;

C. They had substantially similar job duties and requirements; and

D. They were not paid for hours worked over forty each week.

71. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds ten persons.

72. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

73. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

74. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

75. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

77. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

78. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the

employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

80. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

81. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
#### (Collective Action Claim for Violation of the FLSA)

84. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

85. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

86. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

87. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets

certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

88. Defendant classified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

89. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

90. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

91. Defendant knew or should have known that his actions violated the FLSA.

92. Defendant's conduct and practices, as described above, were willful.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

94. Defendant has not acted in good faith nor with reasonable grounds to believe his actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

96. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

97. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

98. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

99. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

100. Defendant misclassified Plaintiff as exempt from the overtime requirements of the IMWL.

101. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

102. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

103. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

104. Alternatively, should the Court find that Defendant acted in good faith in

failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Angela Umar, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANGELA UMAR, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com